No. 42410.—Petition 5846–R of Langfelder, Homma & Hayward, Inc. (Baltimore).

Opinion by KEEFE, J.   The evidence disclosed that the appraiser added 20 percent to equal a Japanese consumption tax.   Being of the opinion that there was no intention to conceal or misrepresent the facts or to deceive the appraiser, the court granted the petition.

No. 42411.—Petition 5815–R of R. H. Macy & Co., Inc. (New York).

Opinion by KEEFE, J.   From the evidence it was found that the importer was without intention to conceal or misrepresent the facts or to deceive the appraiser as to the value of the merchandise.   The petition was therefore granted.

BEFORE THE FIRST DIVISION, OCTOBER 13, 1939

No. 42412.—Protest 933858–G of General Concessions Corporation (Cleveland).

Opinion by McCLELLAND, P. J.   On the authority of Abstract 39562 the paper water flowers in question were held dutiable at 35 percent under paragraph 1413 as claimed.   There was nothing in the record to show that the puzzles are not chiefly used for the amusement of children.   As to them the protest was overruled.

No. 42413.—Protest 924675–G of General Concessions Corporation (Cleveland).

Opinion by McCLELLAND, P. J.   In accordance with stipulation of counsel and on the authority of Abstract 41626 the paper water flowers were held dutiable at 35 percent under paragraph 1413 as claimed.   The wooden peg tricks which were stipulated to be the same as those passed upon in Abstract 41514 were held dutiable at 33⅓ percent under paragraph 412.

No. 42414.—Protest 941484–G of Nippon Dry Goods Co. (San Francisco).

Opinion by McCLELLAND, P. J.   On the authority of Akawo v. United States· (T. D. 48067) the protest was sustained as to the claim under the National Recovery Act.   On the authority of Bates v. United States (T. D. 47189) the claim at 20 percent under paragraph 1558 as to the synthetic phenolic resin articles was. sustained.